UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MOSES CLARY, | : |
| Petitioner, | : Civil Action No. 16-4026 (JHR) |
| v. | : OPINION |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**RODRIGUEZ, Senior District Judge**

**I.    INTRODUCTION**

Presently before the Court is Petitioner Moses Clary's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1, "Motion".) The Government filed a response (ECF No. 14), and Petitioner replied (ECF No. 19). For the reasons set forth below, the Court will deny Petitioner's § 2255 Motion and will not issue a certificate of appealability.

**II.   BACKGROUND**

On December 10, 1997, a federal grand jury sitting in Camden, New Jersey returned a superseding indictment against Petitioner, charging him with: (1) conspiracy to interfere with interstate commerce by theft or violence, 18 U.S.C. § 1951(a) (Count One); (2) interference with interstate commerce by theft or violence, 18 U.S.C. § 1951(a) (Count Two); use of a firearm during the commission of a crime of violence causing death, 18 U.S.C. § 924(c) and (j) (Counts Three, Eight, and Nine); bank robbery, 18 U.S.C. § 2113(a) (Count Four); bank robbery, assault, 18 U.S.C. § 2113(d) (Count Five); and death as a result of bank robbery, 18 U.S.C. § 2113(e) (Counts

Six and Seven). (*See* ECF No. 22-1.) On September 18, 1998, pursuant to a negotiated plea agreement in which the Government agreed to withdrawal its Notice of Intention to Seek the Death Penalty, Petitioner pled guilty to all nine counts in the superseding indictment. (*See* ECF No. 22-3.)

On March 4, 1999 and May 13, 1999, Petitioner filed motions to withdraw his guilty plea. (*See United States v. Clary*, 96-cr-576, ECF Nos. 81 and 91.) On May 21, 1999, the Court denied Petitioner's motions and sentenced Petitioner to terms of life imprisonment on Counts Three, Six, Seven, Eight, and Nine, a term of 300 months on Count Five, and terms of 240 months on Counts One, Two, and Four, all to be served concurrently. (*See* ECF Nos. 22-4 and 24-1.)

Petitioner appealed and on June 15, 2020, Third Circuit Court of Appeals affirmed Petitioner's judgment of conviction. (*See* ECF No. 23, 3d Cir. No. 99-5412.)

On August 9, 2001, Petitioner filed his first §2255 motion, which the undersigned denied on September 19, 2001, based on the collateral attack waiver in Petitioner's negotiated plea agreement. (*See* ECF No. 14 at 49-51; *see also*, No. 01-cv-3831, ECF Nos. 1 and 6.) On January 30, 2003, the Third Circuit Court of Appeals denied a certificate of appealability. (*See* ECF No. 14 at 60, 3d Cir. No. 02-2138.) The Supreme Court denied certiorari. (*See*, No. 01-cv-3831, ECF No. 21.)

Petitioner then sought leave under 28 U.S.C. § 2244 to file a successive § 2255 motion, which the Third Circuit Court of Appeals denied on December 29, 2011. (*See* 3d Cir. No. 11-4247.) On July 13, 2012, Petitioner filed a successive § 2255 motion without leave. (*See* No. 12-cv-4384, ECF No. 1.) On May 15, 2013, this Court denied Petitioner's successive § 2255 motion for lack of jurisdiction. (*See id.*, ECF No. 7.) The Third Circuit subsequently denied a certificate of appealability. (*See* 3d Cir. No. 13-4226.)

In March 2016, Petitioner again sought leave pursuant to § 2244 to file a successive § 2255 motion, relying on the then recent Supreme Court decision in *Johnson v. United States*, 576 U.S. 591 (2015). (*See* 3d. Cir. No. 16-1494.) On March 17, 2016, the Third Circuit denied Petitioner leave to file a § 2255 motion based on *Johnson*, finding Petitioner had "not shown that *Johnson* applies to his case." (*See* ECF No. 14 at 70-71, *see also* 3d Cir. No. 16-1494.)

On June 6, 2016, Petitioner sought leave in the Third Circuit to file a successive § 2255, relying again on *Johnson*. (*See* 3d. Cir. No. 16-2663.) On July 5, 2016, Petitioner filed the instant successive § 2255 motion, arguing that his § 924(c) convictions must be vacated because they are no longer valid in light of *Johnson*. (ECF No. 1.) In *Johnson*, the Supreme Court struck down as unconstitutionally vague the residual clause "crime of violence" definition found in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). This Court administratively stayed this matter pending resolution of Petitioner's successive motion in the Third Circuit.[1] (ECF No. 8.) In August 2019, the Third Circuit granted permission to numerous prisoners, including Petitioner, to proceed with their successive §2255 motions based on *United States v. Davis*, ⎯⎯ U.S. ⎯⎯, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019). (*See* ECF No. 14, at 72-73); *see also In re Matthews*, 934 F.3d 296, 298 n.2 (3d Cir. 2019).

In his instant §2255 motion, Petitioner argues his convictions for violating §924(c) must be vacated because they were predicated on the offense of conspiracy to commit robbery which no longer constitutes a crime of violence. (ECF No. 1.)

---

[1] On January 26, 2017, while the instant matter was stayed, Petitioner filed another successive § 2255 motion, seeking to assert a claim based on a new rule of constitutional law under *Miller v. Alabama*, 567 U.S. 460 (2012), made retroactively applicable on collateral review by *Montgomery v. Louisiana*, 577 U.S. 190 (2016). (*See* No. 17-538, ECF No. 1.) This Court transferred to the Third Circuit for consideration of whether this Court was authorized to consider Petitioner's successive § 2255 motion. (*See id.*, ECF No. 3.) The Court of Appeal denied leave to file that successive motion. (*See* 3d Cir. Nos. 17-1219 & 17-1328.)

3

### III. LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).

### IV. DISCUSSION

In his motion to vacate sentence, Petitioner argues that his 18 U.S.C. § 924(c) convictions must be vacated because they depend on the "residual clause," a provision that the Supreme Court has found is void for vagueness. Petitioner appears to argue that the predicate offense to his § 924(c) convictions was "conspiracy to commit robbery." (ECF No. 1 at 3-6.) Petitioner argues conspiracy to commit robbery no longer qualifies as a crime of violence under the rule announced by the Supreme Court in *Johnson*. However, Petitioner is incorrect in his assertion that his § 924(c) convictions were predicated on a conspiracy to commit robbery charge. Petitioner's count three §

4

924(c) conviction was predicated on Petitioner's count two § 1951(a) interference with interstate commerce by theft or violence conviction, and Petitioner's counts eight and nine § 924(c) convictions were predicated on Petitioner's counts six and seven § 2113(e) deaths of Nicholas Morris and Maureen Lavin as a result of bank robbery convictions. (*See* ECF No. 22-1, Superseding Indictment; *see also* ECF No. 24-1, Judgment of Conviction.)

Following *Johnson*, the Supreme Court issued its decision in *United States v. Davis*, ––– U.S. –––, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019), which invalidated a similarly-worded residual clause found in 18 U.S.C. § 924(c)(3)(B). Thus, the Court construes Petitioner's motion as arguing his §924(c) convictions are no longer valid after *Davis*.

Section 924(c) provides in relevant part that:

> any person who, during and in relation to a *crime of violence* or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. §924(c)(1)(A) (emphasis added). The term "crime of violence" in § 924(c)(1)(A) is explicitly defined in 18 U.S.C. § 924(c)(3) to mean a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(A) is known as the statute's "elements clause," while § 924(c)(3)(B) is known as the "residual clause." The residual clause's constitutionality was addressed in *Davis*, where the Supreme Court concluded that the residual clause was unconstitutionally vague. 139 S. Ct. at 2325-2333. Thus, for a crime to fall within the definition of a "crime of violence" under section 924(c), it must satisfy the elements clause. *Id.* Under the elements clause, a crime constitutes a valid "crime of violence" where the "offense is a felony" and it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 2324.

The Court need not decide the merits of Petitioner's claim that his §924(c) convictions are no longer valid, because even with a favorable ruling on the merits, his petition is barred by the concurrent sentence doctrine. The concurrent sentence doctrine provides that "a federal court may decline to review an alleged error where concurrent sentences were imposed on separate counts, where the alleged error is associated with only one count, and where the remaining sentences are unassailable." *Nosov v. Schuylkill FCI*, 634 F. App'x. 379, 380 (3d Cir. 2016) (citing *United States v. McKie*, 112 F.3d 626, 628 (3d Cir. 1997)); *see also Logan v. Dist. Att'y Allegheny Cty.*, 752 F. App'x 119, 122 (3d Cir. 2018). As the Third Circuit reasons, because the petitioner "remains sentenced in any event, reviewing the concurrently sentenced counts is of no utility. The practice is eminently practical and conserves judicial resources for more pressing needs." *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986). "This doctrine should be applied only where it is apparent that a defendant will not suffer collateral consequences from the unreviewed conviction." *United States v. Robinson*, 2021 WL 5083992 at *2 (E.D. Pa. 2021) (citing *United States v. Clemons*, 843 F.2d 741, 743 n. 2 (3d Cir. 1988)).

Collateral consequences in the direct appeal context can include "a potential delay in the defendant's eligibility for parole, an increased sentence under a recidivist statute for a future

6

offense, the use of the additional conviction to impeach the defendant's credibility, and the societal stigma accompanying any criminal conviction." *United States v. Ross*, 801 F.3d 374, 382 (3d Cir. 2015) (citing *Ball v. United States*, 470 U.S. 856, 865 (1985)). However, in the habeas context, "the collateral consequences of a conviction for . . . a concurrent sentence . . . must rise to the level of 'custody' to be redressable." *Logan*, 752 F. App'x at 122 (citing *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 104 (3d Cir. 2017); *Ross*, 801 F.3d at 383). The Third Circuit explained that the "term 'custody' in federal habeas statutes is 'designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.'" *Id.* at 122 n.5 (quoting *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)). As a result, "the collateral consequences that attach to the conviction at issue must pose a severe and immediate restraint on the petitioner that is not shared by the public generally." *Id.*

In this case, in addition to Petitioner's life sentences for his § 924(c) convictions, Petitioner is serving two additional life sentences for his convictions on two counts of the deaths of Nicholas Morris and Maureen Lavin as a result of bank robbery, 18 U.S.C. § 2113(e). Petitioner's § 2113(e) life sentences are running concurrently to his § 924(c) life sentences.

As this Court previously determined through Petitioner's first §2255 proceeding, Petitioner's two additional life sentences remain valid. Accordingly, even if Petitioner was successful on the merits of his claim here, it would only abrogate his §924(c) sentences, and "any potential relief would not reduce the time he is required to serve." *Logan*, 752 F. App'x at 122; *see Edelman v. Bradley*, No. 20-01040, 2020 WL 4819870, at *3 (M.D. Pa. Aug. 19, 2020) (citing *Gardner*, 845 F.3d at 104 ("Although the range of adverse collateral consequences is quite broad . . . Gardner cannot show that any rise to the level of 'custody' in this case given his other life sentences.")).

7

Petitioner filed a reply and failed to argue any collateral consequences. The Third Circuit has held, if the petitioner argues the concurrent sentencing doctrine is inappropriate because he is subject to unique collateral consequences, the petitioner bears the burden of identifying those unique collateral consequences. *See Gardner*, 845 F.3d at 104 (affirming application of concurrent sentence doctrine because petitioner "identifies no such [collateral] consequences in his case, even as he emphasizes this exception to the concurrent sentencing doctrine"); *Ross*, 801 F.3d at 382–83 (similar).

## V.   CONCLUSION

For the reasons stated above, Petitioner's second or successive § 2255 motion (ECF No. 1) is **DENIED** and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.

November 30, 2022                                        /s/ Joseph H. Rodriguez
                                                         Hon. Joseph H. Rodriguez, USDJ